BEFORE THE JUDICIAL PANEL ON
·ON
MULTIDISTRICT LITIGATION

SEP 12 1979

IN RE DEERING MILLIKEN          )   DOCKET NO. 388
PATENT LITIGATION               )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON,
STANLEY A. WEIGEL, ANDREW A. CAFFREY, ROY W. HARPER, AND
CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of two actions, one pending
in the District of South Carolina and the other pending
in the Middle District of North Carolina.  Both actions
involve allegations of invalidity and infringement of certain
patents, patent misuse and antitrust violations.

The South Carolina action actually consists of 37
different actions which were consolidated for trial by
the South Carolina court.[1/]  The South Carolina action
involves, on the one hand, numerous companies, or divisions
of companies (the "throwsters"), that process synthetic
filament yarns in order to make the yarns suitable for
a wide variety of end uses, and, on the other hand, Deering
Milliken, Inc. (DMI), Deering Milliken Research Corp. (DMRC),

---

1/ The Panel originally considered in 1970 the question
of transfer under 28 U.S.C. §1407 concerning the actions
that have been consolidated in South Carolina.  The Panel
at that time declined to order Section 1407 transfer because
it appeared likely that numerous motions under 28 U.S.C.
§1404(a) to transfer the non-South Carolina actions to
the District of South Carolina would be granted.  In re
Deering Milliken Patent Litigation, 328 F. Supp. 504, 505-06
(J.P.M.L. 1970).  Those motions were in fact granted, and
the Panel was not further involved with the actions until
now.

Moulinage et Retorderie de Chavanoz (Chavanoz), Ateliers Ronnais de Construction Textiles (ARCT-France) and ARCT, Inc. (the defendants[2/]).  In the South Carolina action, the defendants charged the throwsters with, inter alia, infringing several patents dealing with various aspects of synthetic yarn texturing.  The throwsters, each of which allegedly was a licensee of one or more of these patents, claimed that the patents were invalid, misused and unenforceable, and also sought relief under the federal antitrust laws.[3/]

After very extensive discovery and other pretrial proceedings, the South Carolina action went to a non-jury trial on only the liability issues in June, 1976.  The trial was concluded after 91 trial days, and thereafter

---

[2/] Although these parties are actually the plaintiffs in some of the 37 actions that have been consolidated in the District of South Carolina, these parties have been designated as "defendants" in the South Carolina action.  Duplan Corp. v. Deering Milliken Inc., 444 F. Supp. 648, 658 (D.S.C. 1977).

[3/] The district court in South Carolina characterized the throwsters' antitrust claims as follows:

> The antitrust claims fall into two categories:
> (a) the claim of a vertical conspiracy between the named defendants arising out of [certain] license and sub-license agreements and the manner in which the business of the defendants was conducted, and (b) a claim of horizontal conspiracy between the named defendants and Leesona [Corp., which is a manufacturer and seller of textile machinery and which licensed patents and technology relating to the yarn processing techniques involved in the South Carolina action,] arising out of agreements entered into in 1964 which settled certain patent litigation then pending between Leesona and the defendants.

Id. at 660.

the South Carolina district court held as follows:   (1)
the throwsters had established their claim of a horizontal
conspiracy in violation of Sections 1 and 2 of the Sherman
Act among Chavanoz, DMRC, DMI and Leesona;[4/]  (2) the throwsters'
claims against ARCT-France and ARCT, Inc. for damages as
a result of those two defendants' alleged violation of
the antitrust laws were to be dismissed on the merits;
(3) the licensing program and attendant conduct of Chavanoz,
DMRC and DMI constituted a misuse of the patents involved
in this litigation and all those patents were therefore
unenforceable; (4) each of the patents involved in the
South Carolina action was either invalid or had not been
infringed by the throwsters; and (5) all claims by any
defendant against the throwsters for patent infringement
and unpaid **royalties were to be dismissed on the merits.**
Duplan Corp. v. Deering Milliken, Inc., 444 F. Supp. 648
(D.S.C. 1977).

On March 26, 1979, the Court of Appeals for the Fourth
Circuit affirmed the South Carolina district court's rulings
with only one exception.  The Court of Appeals found that
defendants ARCT-France and ARCT, Inc. had participated
in the horizontal conspiracy alleged by the throwsters,
and that the throwsters had therefore established the liability
of those two defendants on the throwsters' antitrust claims.

---

4/ The court found that the 1964 settlement agreement between
Leesona and the defendants "amounted in effect to the cross-
licensing of the Chavanoz and Leesona patents by the two
patent owners who effectively dominated the false twist
[texturing] industry, and this gave them the power to fix
and maintain prices in the form of royalties which they
consistently exercised thereafter."  Id. at 686 (footnote
omitted).

Duplan Corp. v. Deering Milliken, Inc., 594 F.2d 979 (4th

Cir. 1979), rehearing and rehearing en banc denied,

May 29, 1979.[5/]

The North Carolina action before the Panel was commenced

in September, 1976, by DMRC and Chavanoz against J.P. Stevens

& Co., Inc. (Stevens).  DMRC and Chavanoz allege that Stevens

infringed five patents, each of which has now been held

invalid and unenforceable in the South Carolina action.

Stevens filed two counterclaims.  One alleges patent in-

validity, non-infringement and patent misuse.  The other

alleges that Stevens has been injured by the same horizontal

antitrust conspiracy involved in the South Carolina action.[6/]

Stevens joined ARCT-France, ARCT, Inc. and DMI as additional

defendants on the second counterclaim.

No discovery has yet been taken in the North Carolina

action.  The North Carolina action was initially stayed

pending the outcome of the liability trial of the South

Carolina action, and the North Carolina action was again

stayed pending a final decision by the Court of Appeals

on the appeal in the South Carolina action.

_____

5/ DMRC and Chavanoz represented at oral argument before
the Panel that certain parties intend to file a petition
for a writ of certiorari before the United States Supreme
Court.

6/ Stevens was not a licensee under any of the patents
involved in the South Carolina action.  According to Stevens'
counterclaim, however, Stevens was a licensee of Leesona.
In order to purchase false twist texturing machines from
Leesona, Stevens states, it was required to sign a "use
license agreement" with Leesona and to pay royalties thereunder
to Leesona.

Stevens has moved the Panel, pursuant to 28 U.S.C. §1407, to transfer the North Carolina action to the District of South Carolina for coordinated or consolidated pretrial proceedings with the action pending there.  DMRC, ARCT-France, ARCT, Inc., Chavanoz and plaintiffs in the South Carolina action oppose this motion.

We find that, although these actions may still involve some common questions of fact, transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.  Accordingly, we deny the motion to transfer.

Stevens argues that the North Carolina action and the South Carolina action share a multitude of factual questions concerning, inter alia, the following matters: (1) whether the five patents which are common to both actions are invalid and unenforceable; (2) whether the defendants in the South Carolina action and Leesona conspired in violation of the federal antitrust laws concerning those patents; and (3) the nature of damages suffered by Stevens and by the throwsters involved in the South Carolina action. Stevens recognizes that many of these common questions of fact have already been resolved in the South Carolina action, and Stevens states that it intends to rely on the doctrine of collateral estoppel not only to invalidate the patents asserted against it, but also to establish the liability of the defendants to Stevens for the antitrust violations alleged in Stevens' counterclaim.  Stevens states

that it will rely upon the Supreme Court's decisions in
Blonder-Tongue Laboratories, Inc. v. University of Illinois
Foundation, 402 U.S. 313 (1971), and Parklane Hosiery Co.
v. Shore, ___ U.S. __, 58 L.Ed. 2d 552 (1979), in arguing
for the application of the doctrine of collateral estoppel
in the North Carolina action.  Stevens emphasizes that
both Blonder-Tongue and Parklane state that the application
of collateral estoppel is a matter for the trial court's
discretion, based on fairness to the parties.  Stevens
maintains that the South Carolina judge, who presided over
both extensive pretrial proceedings and a very lengthy
trial, is clearly the judge most familiar with this litigation
and is therefore in the best position quickly and efficiently
to resolve the claims raised in the North Carolina action.
Thus, Stevens argues, Section 1407 transfer is necessary
in order to eliminate the possibility of inconsistent pretrial
rulings, prevent any duplicative discovery, and conserve
the time of the parties, the witnesses and the judiciary.

The opponents of transfer, on the other hand, emphasize
that the South Carolina action is ten years old and is
very far advanced.  Opponents concede that the doctrine
of collateral estoppel will likely dispose of the patent
validity and enforceability issues in the North Carolina
action once the appellate process runs its course in the
South Carolina action.  But these parties maintain that
the applicability of that doctrine to the antitrust issues
in the North Carolina action will be hotly disputed by
the parties because of Stevens' status as a non-licensee

of the patents involved in the South Carolina action.
Opponents further argue that statute of limitations issues
are present regarding Stevens' antitrust counterclaim.
These issues are not present in the South Carolina action,
opponents contend, and that action would be unfairly delayed
by transfer of the North Carolina action under Section
1407 at this late stage of the proceedings in the South
Carolina action.

We find movant's arguments unpersuasive.  Most, if
not all, of the common questions of fact between the two
actions before us arise from the liability issues in each
action.  All pretrial proceedings, as well as a trial,
on the liability issues in the South Carolina action have
long since been completed.  Furthermore, the views of the
district judge in the South Carolina action, and those
of the Court of Appeals, on those issues are well documented.
Duplan Corp. v. Deering Milliken Inc., supra, 444 F. Supp.
648, aff'd in part and rev'd in part, 594 F.2d 979.  As
a result, from the standpoint of familiarity, the judge
in the North Carolina action will be close to the shoes
of the South Carolina judge.  Also, interjection of the
North Carolina action into the extremely advanced proceedings
in the South Carolina action could delay the completion
of those proceedings.  Under these circumstances, we conclude
that the purposes of centralizing pretrial proceedings
under Section 1407 can best be achieved by leaving each
action alone.  See In re Western Electric Co., Inc. Semi-
conductor Patent Litigation, 436 F. Supp. 404, 406 (J.P.M.L.
1977).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

We note that at oral argument before the Panel counsel for DMRC and Chavanoz and counsel for Stevens stated that all discovery heretofore completed in the South Carolina action and relevant to the North Carolina action may be used in that action.  Transcript at 99 and 106.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. §1407, to centralize the actions listed on the following Schedule A for coordinated or consolidated pretrial proceedings be, and the same hereby is, DENIED.

SCHEDULE A

MDL-388 -- IN RE DEERING MILLIKEN PATENT LITIGATION


DISTRICT OF SOUTH CAROLINA

Duplan Corp., et al. v. Deering          Civil Action
Milliken, Inc., et al.                   No. 71-306


MIDDLE DISTRICT OF NORTH CAROLINA

Deering Milliken Research Corp., et al.   Civil Action
v. J.P. Stevens & Co., Inc.               No. C-76-492-G